UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| John Laszloffy,<br><br>           Plaintiff,<br><br>v.<br><br>Cindy Zoraida Garcia, *et al.*,<br><br>           Defendants. | Case No. 2:19-cv-01173-JAD-BNW<br><br>**ORDER** |

Plaintiff John Laszloffy, who is proceeding *pro se* and *in forma pauperis*, initiated this suit on July 5, 2019. ECF No. 1. The Court screened his First and Second Amended Complaints and dismissed them with leave to amend. ECF Nos. 27, 31.

Presently before the Court is Mr. Laszloffy's timely filed Third Amended Complaint (ECF No. 32), which it will now screen.

**I.    Allegations in the Third Amended Complaint**

On May 15, 2018, Plaintiff was involved in a car accident with Defendant Cindy Zoraida Garcia—a taxi driver—while she was driving with a passenger in her taxicab. He alleges that while exchanging insurance information after the collision, he observed only minor damage to the vehicles. According to Plaintiff, Garcia and her passenger indicated that they were not injured. When a representative from the taxi company (ANLV Cab) arrived to survey the scene, Garcia told the representative that she could continue transporting her passenger and would not need a replacement driver.

The day following the accident, Plaintiff's insurance company informed him that Garcia had retained an attorney (Leon Symanski) and filed a personal injury claim. Because Plaintiff believed the incident was simply a minor traffic accident, he expressed concern to the insurance agent, who assured him the claim would be properly investigated. Plaintiff believes it was impossible for Garcia to be injured given the nature of the collision.

Sometime in December 2018, Plaintiff's insurance company paid off Garcia's claim and informed him that he would be placed in a "high-risk group." As a result, he claims that his insurance premiums doubled and no other company would insure him at his initial rate. Plaintiff believes that the insurance company did not pay Garcia's claim because it was legitimate, but rather because her claim amounted to a "nuisance value," or a claim that is easier to pay for than "hav[ing] to deal with the nuisance of a claim that will not go away."

On January 31, 2019, Plaintiff—believing that Garcia had filed a fraudulent claim—sent her a letter providing "a chance to redeem herself with a settlement offer," and warning that he had "no other choice but to sue" should she not accept.

On February 11, 2019, Plaintiff received a cease-and-desist notice from Garcia's attorney, Leon Symanski, asking him to refrain from further communication with Garcia and threatened legal action should he continue.

Mr. Symanski also contacted Plaintiff's insurance company (Mercury Insurance) to inform it that Plaintiff had tried to extort his client, Garcia, as a result of the lawsuit she filed and that it may be subject to litigation should Plaintiff's conduct continue.

Plaintiff brings the following causes of action against the following Defendants:

1. Fraud: against Garcia, Symanski, and ANLV Cab
2. Civil Conspiracy: against Symanski and Mercury
3. Defamation: against Symanski and Mercury
4. Libel: against Symanski and Mercury
5. Intentional Infliction of Emotional Distress: against Garcia, Symanksi, and Mercury
6. Breach of Fiduciary Duty: against Mercury
7. Negligence: against Mercury
8. Concert of Action: against Garcia, Symanski, and ANLV Cab
9. Aiding and Abetting a Fraud: against Garcia, Symanksi, and Mercury
10. Breach of Implied Covenant of Good Faith and Fair Dealing: against Mercury
11. Concert of Action: against Garcia, Symanski, and ANLV Cab
12. Specific Performance: against Mercury

13. Negligence: against Mercury

14. Breach of Contract: against Mercury

## II. Analysis

### A. Screening Standard

Because Plaintiff is proceeding *in forma pauperis*, the Court must screen his complaint under 28 U.S.C. § 1915(e)(2).

In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The court liberally construes *pro se* complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*. But, unless it is clear that the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

//

### B. Screening the Complaint

As explained in the previous screening order at ECF No. 31, federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). As a result, they have an "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) (citations omitted).

Plaintiff asserts the court has jurisdiction under 28 U.S.C. § 1332. In turn, 28 U.S.C. § 1332 requires that each of the plaintiffs be a citizen of a different state than each of the defendants. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). If the court lacks subject-matter jurisdiction, an action must be dismissed. Fed. R. Civ. P. 12(h)(3).

"The natural person's state citizenship is then determined by h[is] state of domicile, not h[is] state of residence." *Id*. "A person's domicile is h[is] permanent home, where [h]e resides with the intention to remain or to which [h]e intends to return." *Id*. (citation omitted). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Id*.

A corporation is a citizen of "(1) the state where its principal place of business is located, and (2) the state in which it is incorporated." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (citing 28 U.S.C. § 1332(c)(1)) (emphasis added). The citizenship of an LLC is the citizenship of its members. *Id*. ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

Here, complete diversity is lacking. That is, Plaintiff and Mercury Insurance are both citizens of California. As a result, this Court does not have jurisdiction over this matter.

Plaintiff may choose to amend the complaint by dropping Mercury as a defendant. Should he do that, then there would be full diversity between Plaintiff (who is a citizen of California) and Defendants Garcia, Symanski, and ANLC Cab LLC (who are all citizens of Nevada).

In order to expedite matters, this Court will screen the claims that could be brought against the Defendants over which this Court has jurisdiction: Garcia, Symanski, and ANLV Cab.

//
//

### 1. Claim 1: Fraud

This claim alleges that defendants Garcia, Symanksi, and ANLV Cab deceived Mercury Insurance when they claimed that Garcia was injured. He cites different examples which, according to him, provide evidence that the injury claim was fraudulent.

These are the elements for Fraud under Nevada law: (1) a false representation by defendant; (2) defendant's knowledge or belief that the representation is false (or knowledge that there is an insufficient basis for making the representation); (3) defendant's intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation; (4) Plaintiff's justifiable reliance upon the misrepresentation; and (5) damage to the plaintiff resulting from such reliance. *Nevada Power Co. v. Monsanto Co.*, 891 F. Supp. 1406, 1413 (D. Nev. 1995) (citation omitted).

Here, Plaintiff has not plausibly alleged a claim for fraud. Plaintiff has plausibly alleged the first element because he claims that Garcia falsely represented that she was injured in the accident. Liberally construing the complaint, Plaintiff seemingly alleges Defendants Symanski and ANLV Cab knew Garcia's claim was false and still represented that information to Mercury.

Further, Plaintiff alleges that there was no factual basis for Garcia to claim injury from the accident. Again, liberally construing the complaint, the allegation appears to be that Defendants Symanski and ANLV Cab knew the claim was fraudulent and still proceeded with the claim. Therefore, the second element is also met.

However, Plaintiff fails to plausibly allege the third element because he did not allege that Garcia, Symanski or ANLV Cab intended to induce *Plaintiff* to do—or refrain from doing— something. Instead, according to Plaintiff, Defendants intended to induce Plaintiff's *insurer, Mercury,* to do something; namely, pay the nuisance value of her claim.

Further, Plaintiff's claim fails at the fourth element because he did not allege that he justifiably relied on Garcia's false representation. Instead, it is Mercury who relied on the representation.

Lastly, Laszloffy has plausibly alleged the fifth element because he claims that Garcia's misrepresentation led to an increase in his vehicle insurance premiums.

Still, without the third and fourth elements, Laszloffy has not alleged a plausible claim for fraud.

This Court has previously analyzed this claim at ECF No. 27. The same deficiencies pointed out before remain in Plaintiff's Third Amended Complaint. While Plaintiff will be allowed to amend, it is not clear he will be able to overcome the problems previously noted.

### 2. Claim 2: Civil Conspiracy

Plaintiff alleges Defendants Symanki and Mercury conspired to slander him and commit libel.

Actionable civil conspiracy arises where two or more persons undertake some concerted action with the intent "to accomplish an unlawful objective for the purpose of harming another," and damage results. *Consol. Generator–Nevada, Inc. v. Cummins Engine Co.*, 114 Nev. 1304, 1311, 971 P.2d 1251, 1256 (1998).

As explained above, Mercury cannot be a defendant under diversity jurisdiction in this Court. This would leave only Defendant Symanski. Given two or more defendants are needed for this claim, Plaintiff would not be able to assert a claim for relief.

### 3. Claim 3: Defamation; Claim 4: Libel

Plaintiff alleges Symanski wrote false and defamatory statements and faxed them to Mercury. It appears that the statements involve Symanski telling Mercury that Plaintiff was extorting Garcia.

A defamation claim requires demonstrating (1) a false and defamatory statement of fact by the defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages. *Simpson v. Mars, Inc.*, 929 P.2d 966, 967 (1997).

In order to maintain a claim of libel, a plaintiff must show a false and defamatory statement, its unprivileged publication, fault, and damages. *Pegasus v. Reno Newspapers, Inc.*, 57 P.3d 82 (2002).

As explained above, Mercury cannot be a defendant under diversity jurisdiction in this Court. This would leave only Defendant Symanski.

Here, Plaintiff seems to allege that Symanski made a false statement concerning Laszloffy when he sent a fax to Mercury Insurance stating that Plaintiff had attempted to extort Garcia. Therefore, the first elements as to both of these claims is met.

Next, Plaintiff also meets the second element as to both claims, as the allegation is that this statement was made to a third party—Mercury.

As to the third element, this Court construes the allegations here as Symanski being at least negligent in making that remark. Therefore, the third element is met as to both claims.

But it is not clear to this Court what damages Plaintiff suffered as a result of this communication between Symanski and Mercury. As a result, should Plaintiff wish to amend, he will need to explain what damages he has suffered.

**4.  Intentional Infliction of Emotional Distress**

To establish a cause of action for IIED, a plaintiff must allege the following: (1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress; (2) extreme or severe emotional distress actually suffered by the plaintiff; and (3) actual or approximate causation. *Olivero v. Lowe,* 995 P.2d 1023, 1025 (Nev. 2005).

As explained above, Mercury cannot be a defendant under diversity jurisdiction in this Court. This would only leave Defendant Symanski.

Plaintiff alleges that Symanski's faxed libelous and slanderous remarks about Plaintiff to Mercury even after Plaintiff contacted Symanski where he refuted Garcia's allegations.

Plaintiff does not allege that Symanski's fax to Mercury was sent with the intent to cause emotional distress. Thus, the first element is not met.

Plaintiff alleges he suffered extreme or severe emotional distress, meeting the second element.

Lastly, he meets the last element by alleging Symanksi's actions caused the distress.

There is no mention of what kind of participation Garcia could have had with regard to this claim.

As a result, should Plaintiff wish to amend, he must cure the problems mentioned above.

//

### 5. Claims 8 and 11: Concert of Action

Plaintiff's eighth claim alleges that Garcia, Symanski, and ANLV Cab acted together in bringing forward a false personal injury claim. In turn, this caused Plaintiff's insurance premiums to double. His eleventh claim alleges the same facts but names Garcia, Symanski, and Mercury as Defendants.

This Court already explained that Mercury cannot be a defendant in this case. As a result, the analysis below contemplates that the Defendants with regard to the eighth claim are Garcia, Symanski, and ANLV Cab, and that the Defendants as to the eleventh claim are Garcia and Symanski.

To recover under a theory of concert of action, a plaintiff must show that the defendants committed a tortious act or "agreed to conduct an inherently dangerous activity or an activity that poses a substantial risk of harm to others." *Abrams v. Sanson*, 136 Nev. 83, 92, 458 P.3d 1062, 1070 (2020).

Plaintiff's allegations sufficiently state a clam for relief. This Court construes the allegations to state that filing the alleged false claim had a substantial risk of economic harm to Plaintiff. *See Pickens on behalf of State v. La Villa Vegas, Inc.*, 485 P.3d 1248 (Nev. 2021) (evaluating concert of action claim as applied to a defamation and false light claims). Given that the allegations in the eighth claim are identical to those in the eleventh claim, Plaintiff may want to consider just bringing one claim instead of two if he opts to amend his complaint.

### 6. Claim 9: Aiding and Abetting a Tort

Plaintiff's allegations are conclusory. There are no facts supporting the allegation.

As explained above, Mercury Insurance cannot be a defendant under diversity jurisdiction in this Court. That would leave only Defendants Garcia and Symanski.

Liability attaches for civil aiding and abetting if the defendant substantially assists or encourages another's conduct in breaching a duty to a third person. *Dow Chem. Co. v. Mahlum*, 970 P.2d 98 (1998), *abrogated on other grounds by GES, Inc. v. Corbitt*, 117 Nev. 265, 21 P.3d 11 (2001).

Here, Plaintiff does not explain how Garcia and Symanski assisted or encouraged in the breach of any duty to Plaintiff, nor does Plaintiff state which duty was breached.

### 7. Claims against Mercury Only

This Court explained that Mercury cannot be a defendant in this case without destroying full diversity. As a result, this Court does not analyze the following claims as Mercury is the only defendant and should not make part of the amended complaint:

Claim 6—Breach of Fiduciary Duty against Mercury

Claims 7 and 13—Negligence against Mercury.

Claim 10—Breach of the Implied Covenant of Good Faith and Fair Dealing against Mercury.

Claim 12—Specific Performance against Mercury.

Claim 14—Breach of Contract against Mercury

## III. Conclusion

**IT IS THEREFORE ORDERED** that Plaintiff's Third Amended Complaint (ECF No. 32) is DISMISSED with leave to amend. As explained above, Plaintiff may file an amended complaint and establish full diversity by removing Mercury as a defendant from this lawsuit.

**IT IS FURTHER ORDERED** that, should Plaintiff wish to amend his complaint, he must do so by **May 11, 2023**, or this Court will recommend that his case be dismissed. If Plaintiff chooses to file an amended complaint, he must write the words **"Fourth Amended Complaint"** in the caption. The amended complaint will be screened in a separate Screening Order. Additionally, the amended complaint **must be a complete document in and of itself and will supersede the prior complaints in their entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the Court.**

DATED: April 11, 2023.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE