**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| JOHN LASZLOFFY, | Case No. 2:19-cv-01173-JAD-BNW |
| Plaintiff, | |
| v. | **Order Adopting Report and Recommendation to Dismiss Claims with Prejudice** |
| CINDY ZORAIDA GARCOA, et al. | |
| Defendant. | ECF No. 35 |

**On May 30, 2023, the Magistrate Judge entered the following report and recommendation:**

Plaintiff John Laszloffy, who is proceeding pro se and in forma pauperis, initiated this suit on July 5, 2019. ECF No. 1. The Court screened his First, Second, and Third Amended Complaints and dismissed them with leave to amend. ECF Nos. 27, 31, and 33. Presently before the Court is Mr. Laszloffy's timely filed Fourth Amended Complaint (ECF No. 34-1), which it will now screen.

**I. Allegations in Fourth Amended Complaint**

On May 15, 2018, Plaintiff was involved in a car accident with Defendant Cindy Zoraida Garcia—a taxi driver—while she was driving with a passenger in her taxicab. Plaintiff alleges that while exchanging insurance information after the collision, he observed only minor damage to the vehicles. According to Plaintiff, Garcia and her passenger indicated that they were not injured. When a representative from the taxi company (ANLV CAB) arrived to survey the scene, Garcia told the representative that she could continue transporting her passenger and would not need a replacement driver.

The day following the accident, Plaintiff's insurance company informed him that Garcia had retained an attorney (Leon Symanski) and filed a personal injury claim. Because Plaintiff believed the incident was simply a minor traffic accident, he expressed concern to the insurance agent, who assured him the claim would be properly investigated. Plaintiff believes it was impossible for Garcia to be injured given the nature of the collision.

Sometime in December 2018, Plaintiff's insurance company paid off Garcia's claim and informed him that he would be placed in a "high-risk group." As a result, he claims that his insurance premiums doubled and no other company would insure him at his initial rate. Plaintiff believes that the insurance company did not pay Garcia's claim because it was legitimate, but rather because her claim amounted to a "nuisance value," or a claim that is easier to pay for than "hav[ing] to deal with the nuisance of a claim that will not go away."

On January 31, 2019, Plaintiff—believing that Garcia had filed a fraudulent claim—sent her a letter providing "a chance to redeem herself with a settlement offer," and warning that he had "no other choice but to sue" should she not accept.

On February 11, 2019, Plaintiff received a cease-and-desist notice from Garcia's attorney, Leon Symanski, asking him to refrain from further communication with Garcia and threatened legal action should he continue.

Mr. Symanski also contacted Plaintiff's insurance company (Mercury Insurance) to inform it that Plaintiff had tried to extort his client, Garcia, as a result of the lawsuit she filed and that it may be subject to litigation should Plaintiff's conduct continue.

Plaintiff brings the following causes of action against the following Defendants:

1. Fraud: against Gracia, Symanski, and ANLV CAB

2. Civil Conspiracy: against Symanski;

3. Defamation: against Symanski;

4. Libel: against Symanski;

5. Intentional Infliction of Emotional Distress: against Garcia and Symanksi;

6. Concert of Action: against Garcia, Symanski, and ANLV Cab.

## II. Analysis

### A. Screening Standard

Because Plaintiff is proceeding in forma pauperis, the Court must screen his complaint under 28 U.S.C. § 1915(e)(2).

In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*. But, unless it is clear that the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### 1. Claim One: Fraud

This claim alleges that defendants Garcia, Symanksi, and ANLV Cab deceived Mercury Insurance (who was acting as a proxy for Plaintiff) when they claimed that Garcia was injured. He cites different examples which, according to him, provide evidence that the injury claim was fraudulent.

These are the elements for Fraud under Nevada law: (1) a false representation by defendant; (2) defendant's knowledge or belief that the representation is false (or knowledge that there is an insufficient basis for making the representation); (3) defendant's intention to induce the plaintiff to act or to refrain from acting in reliance upon the misrepresentation; (4) Plaintiff's

justifiable reliance upon the misrepresentation; and (5) damage to the plaintiff resulting from such reliance. *Nevada Power Co. v. Monsanto Co.*, 891 F. Supp. 1406, 1413 (D. Nev. 1995) (citation omitted).

As explained in the Court's previous order (ECF No. 33), Plaintiff fails to plausibly allege the third or fourth elements. As to the third element, he does not allege that Garcia, Symanski or ANLV CAB intended to induce *Plaintiff* to do—or refrain from doing—something. Instead, according to Plaintiff, Defendants intended to induce Plaintiff's insurer, Mercury, to do something; namely, pay the nuisance value of her claim. Further, as to the fourth element, Plaintiff does not allege that he justifiably relied on Garcia's false representation. Instead, it is Mercury that relied on the representation. The fact that Mercury may have been acting on behalf of Plaintiff does not cure the deficiency. To the extent Plaintiff believes Mercury should not have paid the claim, his claim would be against Mercury. Likewise, to the extent Mercury believes it was defrauded, it can pursue those claims.

Given the Court does not believe this claim can be cured by amendment, it recommends that it be dismissed with prejudice.

**2. Claim Two: Civil Conspiracy**

Plaintiff alleges Defendant Symanki and Mercury conspired to slander him and commit libel.

Actionable civil conspiracy arises where two or more persons undertake some concerted action with the intent "to accomplish an unlawful objective for the purpose of harming another," and damage results. *Consol. Generator–Nevada, Inc. v. Cummins Engine Co.*, 114 Nev. 1304, 1311, 971 P.2d 1251, 1256 (1998).

In his Third Amended Complaint, Plaintiff named Mercury as a defendant under this claim. ECF 32. Since then, Plaintiff dropped Mercury as a defendant given Mercury would have destroyed diversity jurisdiction. But the problem with the instant claim is that Plaintiff cannot sufficiently state a claim for relief for Civil Conspiracy when there is only one defendant left (Symanski). *Consol. Generator–Nevada*, 114 Nev. at 1311, 971 P.2d at 1256 (explaining that a

cause of action for civil conspiracy requires two or more defendants acting in concert). Given two or more defendants are needed for this claim, Plaintiff has not plausibly alleged a valid claim. Given the Court does not believe this claim can be cured by amendment, it recommends that it be dismissed with prejudice.

### 3. Claim Three: Defamation

Plaintiff alleges Symanski wrote false and defamatory statements and faxed them to Mercury. According to Plaintiff, the statements involve Symanski telling Mercury that Plaintiff was extorting Garcia.

A defamation claim requires demonstrating (1) a false and defamatory statement of fact by the defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages. *Simpson v. Mars, Inc.*, 929 P.2d 966, 967 (1997).

Here, Plaintiff alleges Symanski made a false statement about Plaintiff when he sent a fax to Mercury Insurance stating that Plaintiff had attempted to extort Garcia. Therefore, the first element is met.

Next, Plaintiff also meets the second element as the allegation is that this statement was made to a third party—Mercury.

As to the third element, this Court construes the allegations here as Symanski being at least negligent in making that remark. Therefore, the third element is met.

The Court has previously explained that in order to satisfy the fourth element Plaintiff would need to allege damages. In his last page of the instant complaint plaintiff seeks monetary judgements. Given the liberality with which Court's screen complaints, this last element has also been met.

As a result, this claim for defamation may proceed against Symanski.

### 4. Claim 4: Libel

Plaintiff alleges Symanski wrote false and defamatory statements regarding Plaintiff extorting Garcia and faxed them to Mercury.

In order to maintain a claim of libel, a plaintiff must show a false and defamatory statement, its unprivileged publication, fault, and damages. *Pegasus v. Reno Newspapers, Inc.*, 57 P.3d 82 (2002).

For the same reasons discussed as to Claim, Plaintiff has sufficiently alleged a claim for Libel against Symanski and the claim may proceed.

### 5. Intentional Infliction of Emotional Distress

Plaintiff alleges that Symanski's faxed libelous and slanderous remarks about Plaintiff to Mercury even after Plaintiff contacted Symanski where he refuted Garcia's allegations. In addition, he alleges Symanski and Mercury tried to force him to "drop his case." Plaintiff alleges he suffered extreme emotional distress as a result of Symanski's conduct.

To establish a cause of action for IIED, a plaintiff must allege the following: (1) extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress; (2) extreme or severe emotional distress actually suffered by the plaintiff; and (3) actual or approximate causation. *Olivero v. Lowe*, 995 P.2d 1023, 1025 (Nev. 2005).

Given the extreme liberality with which courts screen these complaints, Plaintiff has sufficiently alleged a claim for IIED against Symanski.

Plaintiff has not sufficiently alleged a claim against Garcia as he does not allege that *Garcia's* conduct caused the distress. Given the number of complaints filed, the Court does not believe Plaintiff will be able to sufficiently state a claim against Garcia. As a result, the Court recommends that this claim against Garcia be dismissed with prejudice.

### 6. Claim Six: Concert of Action

Plaintiff's eighth claim alleges that Garcia, Symanski, and ANLV CAB acted together in bringing forward a false personal injury claim. In turn, this caused Plaintiff's insurance premiums to double.

To recover under a theory of concert of action, a Plaintiff must show that defendants committed a tortious act or "agreed to conduct an inherently dangerous activity or an activity that poses a substantial risk of harm to others." *Abrams v. Sanson*, 136 Nev. 83, 92, 458 P.3d 1062,1070 (2020).

Plaintiff's allegations sufficiently state a clam for relief. Given the liberality with which the Court construes the allegations, it reads the complaint to state that the filing the alleged false claim had a substantial risk of economic harm to Plaintiff. *See Pickens on behalf of State v. La Villa Vegas, Inc.*, 485 P.3d 1248 (Nev. 2021) (evaluating concert of action claim as applied to a defamation and false light claims).

### III. Conclusion

**IT IS ORDERED** that Plaintiff's Motion to Amend (ECF 34) is **GRANTED**.

**IT IS RECOMMENDED** that Plaintiff's claims for Fraud and Civil Conspiracy (Claims One and Two) be dismissed with prejudice.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claim for Intentional Infliction of Emotional Distress (Claim Five) against Garcia be dismissed with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's claim for Defamation (Claim Three) against Symanski survives screening.

**IT IS FURTHER ORDERED** that Plaintiff's claim for Libel (Claim Four) against Symanski survives screening.

**IT IS FURTHER ORDERED** that Plaintiff's claim for Intentional Infliction of Emotional Distress (Claim Five) against Symanski survives screening.

**IT IS FURTHER ORDERED** that Plaintiff's claims for Concert of Action (Claim Six) against Symanski, Garcia and ANLV CAB survive screening.

**IT IS FURTHER ORDERED** that the Clerk of the Court must file Plaintiff's Fourth Amended Complaint (ECF No. 34-1).

**IT IS FURTHER ORDERED** that the Clerk of the Court send Plaintiff three blank copies of form USM-285.

**IT IS FURTHER ORDERED** that Plaintiff shall have until June 16, 2023 to fill out and file the required USM-285 form. On the form, Plaintiff must fill in defendants' last-known addresses so that the defendants may be served.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to issue summonses, under seal, to defendants using the addresses Plaintiff provides on the filed USM-285 forms.

**IT IS FURTHER ORDERED** that the Clerk of Court serve a copy of this order, the sealed and issued summonses, the filed USM-285 forms, and the operative complaint (ECF No. 34-1) on the U.S. Marshals Service for purposes of effecting service.

**IV. Notice**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the District Court's Order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: May 30, 2023.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

**Order Adopting Report and Recommendation**

The deadline for the plaintiff to object to the magistrate judge's recommendation was June 13, 2023, and the plaintiff neither filed objections nor moved to extend the deadline to do so. No review is required of a magistrate judge's report and recommendation unless objections are filed. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Having reviewed the report and recommendation I find good cause to adopt it, and I do.

IT IS THEREFORE ORDERED that the magistrate judge's recommendations **[ECF No. 35] are ADOPTED and plaintiff's first and second claims for fraud and civil conspiracy, and plaintiff's intentional-infliction-of-emotional-distress claim against Defendant Garcia, are DISMISSED with prejudice.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: June 30, 2023