UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| John Laszloffy,<br><br>　　　　Plaintiff<br>v.<br><br>Cindy Zoraida Garcia, et al.,<br><br>　　　　Defendants | Case No.: 2:19-cv-01173-JAD-BNW<br><br>**Order Granting ANLV Cab LLC's Motion to Dismiss and Denying Plaintiff's Motion in Opposition**<br><br>[ECF Nos. 43, 47] |

　　　Pro se plaintiff John Laszloffy got into a car accident with Cindy Garcia, who was driving a taxi for ANLV Cab LLC. Garcia filed an insurance claim against Laszloffy's policy, causing his rates to go up. Laszloffy theorizes that the claim was concocted among Garcia, her personal-injury attorney Leon Symanski, and ANLV—who likely referred Garcia to Symanski. ANLV moves to dismiss Laszloffy's concert-of-action claim against it as time-barred and insufficiently pled.[1] In an unrelated motion, Laszloffy seeks to adjudicate the prayer for relief in Garcia and Symanski's answer to his complaint.[2]

　　　Although I find that Laszloffy's concert-of-action claim is timely, I nevertheless grant ANLV's motion because the harms he alleges do not rise to the level necessary to state such a claim. And because Laszloffy has amended his complaint several times and the story that underlies his grievance can't satisfy the elements of this claim however he characterizes its facts, I dismiss the claim against ANLV with prejudice and without leave to amend. Finally, I deny Laszloffy's challenge to Garcia and Symanski's prayer for relief because the law doesn't support it.

---

[1] ECF No. 43.
[2] ECF No. 47.

**Background**[3]

Laszloffy was in a car accident on May 15, 2018, with Garcia while she was driving a taxi for ANLV.[4] The next day, Laszloffy's insurance company notified him that Garcia had retained Symanski as her attorney and filed a personal-injury claim.[5] The insurance company paid Garcia's claim and doubled Laszloffy's insurance rates.[6]

Believing that Garcia's claim was bogus, Laszloffy filed this lawsuit against her on July 5, 2019, and applied to proceed in forma pauperis (IFP).[7] His complaint has gone through several rounds of screening and amendment.[8] ANLV was first added to the iteration of the complaint filed on March 15, 2021,[9] but it was not until the screening of his Fourth Amended Complaint last April that the court permitted him to proceed against ANLV.[10] That complaint was ultimately filed on May 30, 2023.[11] As a result of this screening process and because the court did not order service until it found that some claims could proceed, ANLV and the other defendants were not served with the operative complaint until last June.[12]

---

[3] These facts are taken from Laszloffy's fourth-amended complaint, ECF No. 40, and are not intended as findings of fact.
[4] ECF No. 40 at ¶¶ 10–11.
[5] *Id.* at ¶¶ 45–46.
[6] *Id.* at ¶¶ 52–55.
[7] ECF No. 1.
[8] *See, e.g.*, ECF Nos. 15, 23, 26, 27, 31, 32, 33, 35, 39.
[9] ECF No. 28; ECF No. 35.
[10] ECF No. 33.
[11] ECF No. 40.
[12] ECF No. 35 (order directing service of complaint by U.S. Marshal); ECF No. 38 (summons return).

As to ANLV, Laszloffy has just one surviving claim: concert of action. In it, he theorizes that the cab company, driver Garcia, and lawyer Symanski acted together to cause a false personal-injury claim to be filed against him.[13] ANLV now moves to dismiss that claim, arguing that it is untimely and devoid of the facts necessary to state a plausible concert-of-action claim against it.[14] Laszloffy opposes that motion and brings a separate "motion in opposition" purporting to attack the prayer for relief in Symanski and Garcia's answer to his complaint.[15]

## Discussion

**I.     The Court grants ANLV's motion to dismiss because these circumstances fall far short of stating a concert-of-action claim as recognized by Nevada law.**

### A.     Dismissal of the concert-of-action claim is not precluded by the fact that it survived IFP screening.

Laszloffy argues that because the concert-of-action claim survived IFP screening it must also survive a FRCP 12(b)(6) motion.[16] Although the standard for screening an in forma pauperis complaint under 28 U.S.C. § 1915A is the same one used for FRCP 12(b)(6) dismissal,[17] courts have employed different approaches to the effect that a positive screening order has on a later motion to dismiss.[18] Some find that the motion is barred under the law-of-the-case doctrine, others hold that it must be filed as a motion to reconsider or that the positive

---

[13] *See* ECF No. 39 at 6.
[14] ECF No. 43.
[15] ECF No. 47.
[16] ECF No. 45 at 2.
[17] *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).
[18] *See Hernandez v. Aranas*, 2020 WL 569347, at *3 (D. Nev. Feb. 4, 2020).

3

screening order doesn't preclude a renewed merits consideration.[19] "[B]ut there is no clear guidance from the Ninth Circuit."[20]

Laszloffy's complaint was construed liberally during the screening process.[21] Plus the court did then not have the benefit of ANLV's briefing, which offers additional authority and points out the claim's specific deficiencies. ANLV raises in its motion issues that this court did not evaluate when screening this claim. And regardless, a trial court like this one maintains the ability to revisit rulings like the screening order and make corrections where necessary.[22] So I find that the claim's survival on screening does not foreclose my independent consideration ANLV's motion to dismiss and the arguments it raises.

### B. Laszloffy's claim against ANLV is timely.

The statute of limitations for a concert-of-action claim in Nevada is four years.[23] ANLV argues that Laszloffy's claim against it is time-barred by that deadline because he "filed his

---

[19] *See, e.g.*, *Baldhosky v. Hubbard*, 2017 WL 68098, at *2 (E.D. Cal. Jan. 5, 2017) (collecting cases) ("Although motions to dismiss that follow screening orders frequently require the [c]ourt to repeat—often verbatim—analysis set forth in the screening order, . . . [the d]efendants nonetheless have a procedural right to bring such a motion and to have their arguments considered.").

[20] *Hernandez*, 2020 WL 569347, at *3.

[21] *See* ECF No. 39 at 7.

[22] *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (noting that a district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient" so long as it has jurisdiction) (quotation and emphasis omitted); *see also Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013).

[23] *Pickens on behalf of State v. La Villa Vegas, Inc.*, 485 P.3d 1248, at *2 n.2 (Nev. 2021) (table disposition) ("Concert of action is similar to the tort of civil conspiracy, which is subject to the four-year catch-all limitation period under NRS 11.220.") (internal citations omitted); *see also* Nev. Rev. Stat. § 11.220; ECF No. 43 at 3 (ANLV agrees that this claim is subject to a four-year statute of limitations).

Summons and Complaint on June 8, 2023, over a year after the statute of limitations expired."[24] But ANLV's argument turns a blind eye to the procedural history of this case and the lengthy screening period that preceded ANLV's receipt of the operative pleading. In fact, Laszloffy first filed his claim against ANLV back on March 15, 2021,[25] well within the four-year window.[26] So Laszloffy's claim against ANLV is not time-barred.

### C. Laszloffy's allegations cannot support a plausible concert-of-action claim against ANLV.

Laszloffy's concert-of-action claim against ANLV fails for a different reason: the circumstances on which it's based can't support a plausible concert-of-action claim. Federal pleading standards require a plaintiff's complaint to include enough factual detail to "state a claim to relief that is plausible on its face."[27] This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"[28]; plaintiffs must make direct or inferential factual allegations about "all the material elements necessary to sustain recovery under some viable legal theory."[29] Although a pro se complaint "must be held to less stringent standards than formal pleadings drafted by lawyers," a claim must be dismissed "if it appears beyond doubt that the plaintiff can prove no set of facts" that would entitle him to relief.[30]

---

[24] ECF No. 43 at 3–4.

[25] ECF No. 28; ECF No. 35.

[26] *See Kangarlou v. Locklear*, 2021 WL 9564423, at *1 (D. Nev. Apr. 19, 2023) ("[A] complaint and IFP application that is filed within the statute of limitations is not untimely merely because the court screens it after the limitations period has run.").

[27] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[28] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[29] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

[30] *Id.* (cleaned up).

To establish a concert-of-action claim in Nevada, a plaintiff must show that the defendants (1) engaged in tortious conduct and (2) "agreed to engage in conduct that is inherently dangerous or poses a substantial risk of harm to others."[31] As the Nevada Supreme Court explained in *GES, Inc. v. Corbitt* and ANLV points out in its motion,[32] mere negligence or an agreement to act together is not enough:

> the defendants must have agreed to engage in conduct that is inherently dangerous or poses a substantial risk of harm to others. Thus, this requirement is met when the defendants agree to engage in an inherently dangerous activity, with a known risk of harm, that could lead to the commission of a tort. Mere joint negligence, or an agreement to act jointly, does not suffice.[33]

"The tort of concert of action has traditionally been quite narrow in the scope of its application."[34] Historically, it has been "largely confined to isolated acts of adolescents in rural society" and was "meant to 'deter antisocial or dangerous behavior.'"[35] "The classic application of concert of action is drag racing, where one driver is the cause-in-fact of plaintiff's injury, and the fellow racer is also held liable for the injury."[36] As ANLV also notes in its motion, other

---

[31] *GES v. Corbitt*, 21 P.3d 11, 14–15 (Nev. 2001); *see also Abrams v. Sanson*, 458 P.3d 1062, 1070 (Nev. 2020).

[32] ECF No. 43 at 4

[33] *GES*, 21 P.3d at 15.

[34] *Dow Chem. Co. v. Mahlum*, 970 P.2d 98, 111 (Nev. 1998), abrogated in part by *GES*, 21 P.3d at 11; *see also GES*, 21 P.3d at 15 ("To the extent that our holding in Mahlum suggests that concert of action requires no more than an agreement along with tortious conduct, it is disfavored.").

[35] *Mahlum*, 970 P.2d at 111 (quoting *Santiago v. Sherwin–Williams Co.*, 794 F. Supp. 29, 31 (D. Mass. 1992), *aff'd* 3 F.3d 546 (1st Cir. 1993); *Halberstam v. Welch*, 705 F.2d 472 (D.C. Cir. 1983)).

[36] *Mahlum*, 970 P.2d at 111.

courts have explained that successful concert-of-action claims "have almost always involved conduct posing a high degree of risk to others."[37]

The harm that Laszloffy suffered isn't the same caliber as those caused by drag racing or antisocial or other dangerous behavior. He alleges that ANLV and the other defendants "filed a false personal injury claim against him,"[38] causing his insurance premium to "more than double[]" from $742.88 to $1,537.89[39] and resulting in his economic and emotional distress. Although the screening order cites the Nevada Supreme Court's unpublished disposition in *Pickens on behalf of State v. La Villa Vegas, Inc.* for the proposition that economic risks may be sufficient for a concert-of-action claim,[40] and Laszloffy does the same in his response brief,[41] the Court in *Pickens* did not address that issue—it found that the claim failed for lack of a viable underlying tort. And no Nevada case has held that the risk-of-harm element can be satisfied by purely economic loss or circumstances remotely analogous to these.

The complaint fails to state a concert-of-action claim against ANLV for the additional reason that Laszloffy hasn't identified an agreement by ANLV to engage in dangerous activity. The only relevant allegations against ANLV are that Garcia "most likely" knew to contact Symanski from the cab company, which must be familiar with local personal-injury lawyers:

> 117. Defendant ANLV CAB, defendant Cindy Garcia, and defendant Leon Symanski acted together while committing a tort pursuant to a common design of false injury claim.

---

[37] ECF No. 43 (quoting *Juhl v. Airington*, 936 S.W.2d 640, 644–45 (Tex. 1996)).
[38] ECF No. 40 at ¶ 9.
[39] *Id.* at ¶ 55.
[40] ECF No. 39 at 7 (citing *Pickens on behalf of State v. La Villa Vegas, Inc.*, 485 P.3d 1248 (Nev. 2021) (table disposition)).
[41] ECF No. 45 at 3.

7

      118.    Defendant Cindy Garcia, an employee of ANLV CAB had to know what personal injury attorney to immediately contact, most likely from ANLV CAB.

      119.    Defendant ANLV CAB being a very busy and large taxi service driving Las Vegas busy streets is used to accidents and what personal injury attorneys to direct their taxi cab drivers to[].

      120.    This concert of action caused plaintiffs' insurance premiums to more than double.[42]

These allegations, even when construed as true and in the light most favorable to Laszloffy, but stripped of their conclusory statements, don't establish that ANLV entered into any agreement with Garcia or Symanski. And they certainly do not show an agreement to cause a false insurance claim to be filed. So I grant ANLV's motion and dismiss this concert-of-action claim against it.

      I recognize that the Ninth Circuit counsels courts to liberally grant pro se plaintiffs leave to amend their pleadings to attempt to cure factual deficiencies. But leave is not required when it is clear that the pro se plaintiff can't cure the deficiencies with additional facts.[43] The operative pleading in this case is the fourth amended complaint, and it has become clear from the expansive history of this case and its many amendments that Laszloffy simply can't plead a plausible concert-of-action claim against ANLV based on these circumstances, however he couches them. So I dismiss the concert-of-action claim against ANLV with prejudice and without leave to amend because further amendment of this claim against ANLV would be futile.

---

[42] ECF No. 40 at 10–11.

[43] *Lopez v. Smith*, 203 F.3d 1122, 1129–31 (9th Cir. 2000) (en banc).

**II.     Laszloffy's motion in opposition seeks relief not procedurally available.**

Lastly, I address Laszloffy's filing entitled "Plaintiff's Motion in Opposition to Defendant Leon Symanski and Defendant Cindy Zoraida Garcia's Prayer for Relief (1) that Plaintiff Takes Nothing by Way of its Complaint, (2) that Plaintiff be Awarded Attorney Fees and Costs of Defense of the Complaint, and (3) for Any Other Relief This Court Deems Just and Proper Under the Circumstances."[44]  In it, Laszloffy argues that Garcia and Symanski's prayer for relief in their answer should be "denied," ostensibly because he sufficiently stated a claim in his complaint.

The rules of this court don't authorize a "motion in opposition," nor do they contemplate the court's ability to assess the merits of an answer's prayer for relief this early in a case. Laszloffy states in this filing that he brings this request "pursuant to Rule 7(b)(1)(A)(B)(C)," but those provisions merely explain what any motion must contain, they don't authorize the court to deny the relief prayed for in an answer.  The closest procedural fit for such a request would be a motion to strike under Federal Rule of Civil Procedure 12(f).  Because Laszloffy's motion effectively seeks the removal of part of a pleading, I liberally construe it as a Rule 12(f) motion to strike.[45]  Rule 12(f) establishes that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[46]  But Laszloffy does not actually contend that the prayer for relief includes an insufficient defense or is redundant, immaterial, impertinent, or scandalous, and I do not find it to be so.  Symanski and Garcia merely pray that Laszloffy "take nothing by way of [his] complaint" and that they "be awarded

---

[44] ECF No. 47 (cleaned up).
[45] Fed. R. Civ. P. 12(f).
[46] Id.

9

attorneys fees and costs for defense of the complaint" if they are ultimately victorious.[47] Neither of these requests is "redundant, immaterial, impertinent, or scandalous," and the fact that Laszloffy disagrees with Symanski and Garcia's position on the validity of his claims is not grounds to strike or "deny" portions of their answer.[48] So I deny this motion.

### Conclusion

IT IS THEREFORE ORDERED that ANLV's motion to dismiss **[ECF No. 43] is GRANTED**; **Laszloffy's concert-of-action claim against ANLV is dismissed with prejudice and without leave to amend**. The Clerk of Court is directed to **TERMINATE ANLV Cab, LLC as a defendant in this case**.

IT IS FURTHER ORDERED that Laszloffy's motion in opposition **[ECF No. 47] is DENIED**.

_____
U.S. District Judge Jennifer A. Dorsey
February 29, 2024

---

[47] ECF No. 41 at 18.
[48] Fed. R. Civ. P. 12(f).