**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

John Laszloffy,

      Plaintiff

v.

Cindy Zoraida Garcia, et al.,

      Defendants

Case No.: 2:19-cv-01173-JAD-BNW

**Order Affirming Magistrate Judge's
Denial of Motion to Compel**

[ECF No. 94]

Plaintiff John Laszloffy got into a car accident with defendant Cindy Garcia who then filed a claim against Laszloffy's insurance policy, purportedly causing his rates to go up.[1] Laszloffy theorizes that the claim was concocted by Garcia and her personal-injury attorney Leon Symanski, so he sues them both.  On January 25, 2024, Laszloffy filed a motion to compel production of Garcia's medical records related to that accident,[2] which Magistrate Judge Weksler denied.[3]  She found that Garcia and Symanski had already produced documents responsive to that request and that the additional documents Laszloffy sought had little to no relevance to Laszloffy's concert-of-action claim such that his request wasn't proportional to the needs of his case.[4]  Laszloffy appeals that order, offering several greivances about the magistrate judge's ruling.  But the issues that he highlights don't warrant reversal, so I affirm the magistrate judge's order denying his motion to compel.

---

[1] ECF No. 40 (fourth-amended complaint).

[2] ECF No. 82.

[3] ECF No. 88.

[4] *Id.* at 4–5.

**Discussion**

A district judge may reconsider any non-dispositive matter that has been finally determined by a magistrate judge "when it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[5]  This standard of review "is significantly deferential" to a magistrate judge's determination.[6]  A district court may overturn a magistrate judge's determination under this standard only if it has "a definite and firm conviction that a mistake [of fact] has been committed"[7] or a relevant statute, law, or rule has been omitted or misapplied.[8]

**A.      The magistrate judge properly found that she didn't need to reach privilege issues.**

Laszloffy argues that he "clearly established" that Garcia doesn't have "absolute doctor-patient privilege" under Nevada law.[9]  According to Laszloffy, the magistrate judge "did not address" the relevant Nevada statutes when she denied his motion to compel, and he takes issue with the fact that she "either disregarded or ignored these two statutes."[10]  But the magistrate judge determined that she didn't need to "rule on the privilege objection" that Garcia and Symanski raised because she denied the motion to compel on proportionality grounds instead.[11]

---

[5] L.R. IB 3-1(a).

[6] *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993).

[7] *Id.* (internal quotation marks omitted).

[8] *See Grimes v. City and Cnty. of S.F.*, 951 F.2d 236, 240–41 (9th Cir. 1991).

[9] ECF No. 94 at 1.  Laszloffy cites Nevada Revised Statutes (NRS) 49.2508(4), which establishes that "[t]here is no privilege under NRS 49.2504 or 49.2506 . . . [a]s to communications relevant to an issue of treatment of the client in any proceeding in which the treatment is an element of a claim or defense," and NRS 49.245(4), which establishes that "[t]here is no privilege under NRS 49.225 or 49.235 . . . [a]s to written medical or hospital records relevant to an issue of the condition of the patient in any proceeding in which the condition is an element of a claim or defense."

[10] ECF No. 94 at 1.

[11] ECF No. 88 at 5.

2

In short, Laszloffy would have lost his motion to compel even if the magistrate judge agreed that the records he sought weren't protected by doctor-patient privilege.  So her decision not to analyze the privilege question wasn't clearly erroneous or contrary to law.

**B.      Any failure to consider an excerpt from a legal guidebook wasn't clearly erroneous or contrary to law.**

Laszloffy argues that, when he asked the magistrate judge to reconsider her order denying his motion to compel, she erred in denying that motion.[12]  Local Rule 59-1(a) provides that reconsideration may be appropriate in several situations, including when "there is newly discovered evidence that was not available when the original motion or response was filed."  Laszloffy contends that, while the magistrate judge found that none of the factors warranting reconsideration were present,[13] he did, in fact, "raise new evidence from Nolo Press on how Insurance Companies will pay off small amounts known as nuisance payments rather than having them on their books."[14]  But Laszloffy doesn't explain how this excerpt from a legal guidebook has any bearing on the magistrate judge's proportionality finding or how it constitutes "evidence" specifically relevant to his claims.  Nor does he demonstrate that this was "newly discovered evidence" and unavailable to him when he filed his motion to compel on January 25, 2024.  Indeed, it appears that the edition of this guidebook that Laszloffy offers[15] was published more than two years ago, in October 2021.[16]  So this isn't grounds for reversal, either.

---

[12] ECF No. 94 at 2.

[13] ECF No. 93.

[14] ECF No. 94 at 2.

[15] *Id.* at 28–29 (citing to eleventh edition of this guidebook)

[16] *How to Win Your Personal Injury Claim*, NOLO Products, https://store.nolo.com/products/how-to-win-your-personal-injury-claim-picl.html (last visited

**C.      Laszloffy's other arguments don't warrant reversal.**

Laszloffy highlights several other issues, but they are all either irrelevant or don't warrant reversal of the magistrate judge's order under the highly deferential standard of review that the law imposes.  He questions, for example, whether Federal Marshals actually served several subpoenas that he submitted.[17]  But the order that he is contesting is one addressing his motion to compel production of Garcia's medical records; an appeal of that order is not the proper vehicle with which to address these unrelated service concerns.  Laszloffy also wonders why Garcia and Symanski's initial disclosures don't list medical records as exhibits or medical professionals as witnesses that they intend to call.[18]  But this vague questioning of the reasons behind certain omissions from Garcia and Symanski's initial disclosures likewise doesn't provide grounds for reversal.

Finally, Laszloffy contests a part of the magistrate judge's order in which she lists certain documents related to Garcia's medical treatment that Garcia and Symanski already produced.[19] Laszloffy asserts that the magistrate judge made this statement "without any documentation or evidence to substantiate it" and questions whether there has been "ex parte communication between the Defendant and Court that [he] is unaware of."[20]  But this list wasn't pulled out of thin air; the magistrate judge was citing directly to Garcia and Symanski's response to Laszloffy's motion,[21] which in turn cited to their supplemental response to one of Laszloffy's

---

April 11, 2024) (noting that the eleventh edition of this guidebook was published in October 2021).

[17] ECF No. 94 at 1–2.

[18] *Id.* at 2.

[19] *Id.*; *see also* ECF No. 88 at 4.

[20] ECF No. 94 at 2.

[21] ECF No. 83 at 4.

1  requests for production.[22]  And if, as Laszloffy contends, he only has the treatment summary and

2  itemized list of costs that he attaches to this motion,[23] and not the various bills and letters

3  described in the magistrate judge's order and Garcia and Symanski's written RFP response,

4  Garcia and Symanski should be willing to provide him with additional copies of those documents

5  upon request.[24]  So this, too, doesn't support Laszloffy's argument that this court should reverse

6  the magistrate judge's order.

**Conclusion**

8       IT IS THEREFORE ORDERED that Laszloffy's appeal of the magistrate judge's order

9  denying his motion to compel production of Garcia's medical records **[ECF No. 94] is**

10 **DENIED,** and the magistrate judge's order **[ECF No. 88] is AFFIRMED**.

_____
U.S. District Judge Jennifer A. Dorsey
April 12, 2024

---

[22] *Id.* at 24–25.

[23] *See* ECF No. 94 at 19–21.  Laszloffy also mentions that the production of only this document is "far from the BEST EVIDENCE rule."  *Id.* at 2.  But the best-evidence rule is an evidentiary rule that addresses when original versions of documents and other types of evidence, rather than copies, are required to prove their contents.  *See* Fed. R. Evid. 1002; *United States v. Diaz-Lopez*, 625 F.3d 1198, 1201–02 (9th Cir. 2010) (discussing the rule).  It is unclear what Laszloffy means by invoking that rule in this context.

[24] If Garcia and Symanski refuse to do so and never actually produced those documents in the first place, Laszloffy could bring another motion to compel production of those specific documents.