# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| John Laszloffy, | Case No. 2:19-cv-01173-JAD-BNW |
| Plaintiff, | **ORDER** |
| v. | |
| Cindy Zoraida Garcia et. al, | |
| Defendant. | |

Before this Court is Plaintiff's Motion to deem his requests for admission, set one, as to Defendants Garcia and Symanski, admitted. ECF No. 95. Defendants opposed and Plaintiff replied. ECF Nos. 98, 103. In addition, Plaintiff filed a similar request seeking to deem his requests for admission, set two, as to these same Defendants, admitted. ECF No. 96. Defendants opposed and Plaintiff replied. ECF Nos. 101, 104.

The parties are familiar with the facts and arguments underlying these motions. As a result, this Court only includes the facts and arguments material to this order.

This Court previously entered an order denying these motions. ECF No. 106. This Court realized that the previous order had some clerical mistakes and accidentally cited to the wrong rule.[1] As a result, this Court vacates the order at ECF No. 106 and enters this order instead.

As explained in more detail below, this Court denies Plaintiff's motions as Mr. Mittin responded to the requests in both sets within the timeframe and in a manner that complied with Federal Rule of Civil Procedure 36.

---

[1] This Court cited to Federal Rule of Civil Procedure 36 when it should have cited to Federal Rule of Civil Procedure 5 instead. The substance and rationale in the order at ECF No. 106 has not changed. This order simply corrects that mistake.

## I. Legal Framework

A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. FED. R. CIV. P. 36(a)(3). Since defendants are represented by counsel (Mr. Mitten), Plaintiff is required to serve any requests for admission on him. FED. R. CIV. P. 5(b)(1). He can serve the requests for admission by (a) handing them to Mr. Mitten, (b) leaving them at Mr. Mitten's office or his usual place of abode, (c) mailing them to Mr. Mitten's last-known address, (d) leaving it with the court clerk (if the person has no known address), (e) sending them by electronic means if the person consented to in writing (in which case, service is complete upon filing or sending, but is not effective if the filer or sender learns that it did not reach the person to be served), or (f) delivering it by any other means that the person consented to in writing. FED. R. CIV. P. 5(b)(2)(A)-(F).

Here, the parties have agreed to electronic service of discovery. ECF No. 53 at 4.

## II. Request to Deem Admitted Requests for Admission, Set One (ECF No. 95)

Plaintiff emailed his Requests for Admission, Set One, as to Defendants Garcia and Szymanski, to Mr. Mitten on October 4, 2023. *See* Exhibit A (ECF No. 95 at 6-13) and Exhibit B (ECF No. 95 at 15-19). Both emails were sent to 1mittin@cpklaw.com (email starting with the number "1"). *Id*. Plaintiff asserts that more than 30 days have elapsed since October 4, 2023, without receiving a response. As a result, he argues his Requests for Admission, Set One, as to both Defendants, should be deemed admitted. ECF No. 95.

Mr. Mittin represents that he never received the October 4, 2023, emails. ECF No. 98. The email address Mr. Mittin registered with the Court is lmittin@cpklaw.com (email address starts with lower-case letter "L" as opposed to the number "1"). Here, Plaintiff sent the emails with the requests to the incorrect email address—1mittin@cpklaw.com (which starts with the number "1" as opposed to the lower-case letter "L"). ECF No. 95 at 6, 15. Nevertheless, Mr. Mittin did receive the Requests for Admission, Set One, as to both Defendants, because Plaintiff also sent them to him by regular mail. In turn, Mr. Mittin emailed Plaintiff the responses to these requests on October 10, 2023. ECF No. 98-3.

Plaintiff's argument in his reply is that *Mr. Mittin* signed the responses (instead of the Defendants) and that Mr. Mitten could have post-dated the responses. ECF No. 103.[2]

Plaintiff's requests have a signature date of October 4, 2023. ECF No. 95 at 9, 19. It appears Mr Mittin received the requests by regular mail on October 9, 2023. ECF 101 at 4. Mr. Mittin emailed the responses to these requests to Plaintiff on October 10, 2023. ECF No. 98-3. Thus, this Court is satisfied that Mr. Mittin responded to the Requestg for Admission, Set One, as to both Defendants, within the 30 days required by Federal Rule of Civil Procedure 36(a)(3). Nothing in the record (other than Plaintiff's allegations) suggests that Mr. Mittin post-dated the date on these responses. Lastly, Rule 36 does not require the signature of the Defendants. Instead, Mr. Mitten's signature (as attorney for the Defendants) is all that is required. FED. R. CIV. P. 36(a)(3). As a result, Mr. Mitten's responses to Requests for Admission, Set One, as to both Defendants, complies with Rule 36. Plaintiff's request to deem these requests admitted is denied.

### III. Request to Deem Admitted Requests for Admission, Set Two (ECF No. 96)

Plaintiff emailed his Requests for Admission, Set Two, as to Defendants Garcia and Szymanski, to Mr. Mitten on October 24, 2023. *See* Exhibits A (ECF No. 96 at 7-10) and Exhibit B (ECF No. 96 at 12-15). Plaintiff asserts that more than 30 days elapsed since service of these requests and that he did not receive responses. As a result, he argues that his Requests for Admission, Set Two, as to both Defendants, should be deemed admitted. ECF No. 96.

Once again, Mr. Mittin asserts that he never received the October 24, 2023, emails with the requests. ECF No. 101 at 3. This is because Plaintiff sent the emails to the incorrect email address—1mittin@cpklaw.com—an address that starts with the number "1" as opposed to the lower capital letter "L." *See* ECF No. 96 at 7, 12. He also represents that Plaintiff never placed these requests in the mail.[3] ECF No. 101 at 4. Nevertheless, he responded to these requests on April 3, 2024. ECF No. 101 at 4.

---

[2] Plaintiff also provides arguments regarding Requesst for Admission, Set Two, which the Court will address in a separate section of this order.

[3] The certificate of service regarding the request directed to Defendant Garcia indicates that they were sent by email. ECF No. 96 at 10. The certificate of service regarding the request directed to

1    Plaintiff does not take the position that he emailed the requests to the email address registered with this Court: lmittin@cpkalw.com (email address starting with lower-case letter "L'). Instead, he insists that no matter which email address he uses—imittin@cpkalw.com, Imittin@cpklaw.com, or lmittin@cpklaw.com—all emails are received by the law firm. Nor does Plaintiff take the position that he also sent these requests by regular mail.

Rule 5(b)(2)(E) makes clear that service by electronic means is not complete upon sending if the sender learns that it did not reach the person to be served. Here, Mr. Mittin represents that he did not receive these emails because they were sent to the wrong email address. Mr. Mittin had informed Plaintiff in the past that using the email address starting with the number "1" would not reach him. ECF No. 98-6 at 3. In addition, there is no proof in the record that the law firm Mr. Mittin works at received the emails in question. Lastly, common sense dictates that Mr. Mitten would not have received an email sent to the wrong email address.

Mr. Mitten first learned about these requests on April 1, 2024. ECF No. 101 at 3. According to Rule 5(b)(2)(E), the day triggering the 30-day count down would have been March 26, 2024, which is the day Plaintiff filed his motion and attached the requests. ECF No. 96. Mr. Mittin responded to these requests on April 3, 2024. As a result, Mr. Mitten's responses to Requests for Admission, Set Two, as to both Defendants, complies with Rule 36. Plaintiff's request to deem these requests admitted is denied.

//
//
//

---

Defendant Symanski indicates that the requests were sent by email and by regular mail to Mr. Mitten's office. ECF No. 96 at 15.

### IV. Admonishment

This Court understands that Plaintiff, who is appearing *pro se*, is trying to navigate the legal system as best he can. But he cannot insist that emails were received by Mr. Mittin despite tacitly acknowledging that he was sending emails to the wrong email address. Litigation is costly and Federal Rule of Civil Procedure 37 allows for the imposition of attorney fees in certain circumstances. This Court will not shy away from imposing attorney fees in the future should similar motions be filed.

**IT IS THEREFORE ORDERED** that Plaintiff's motions at ECF Nos. 95 and 96 are **DENIED**.

**IT IS FURTHER ORDERED** that the hearing set for April 23, 2024, at 2:00 PM is **VACATED**.

**IT IS FURTHER ORDERED** that the order at ECF No. 106 is **VACATED**.

DATED: April 26, 2024.

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE